EL PUEBLO, DEMANDANTE Y APELADO, *v.* MARRERO, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa por daños maliciosos.

No. 1187.—Resuelto en julio 13, 1917.

DENUNCIA.— JURAMENTO DE LA DENUNCIA — FIRMA DEL FUNCIONARIO AUTORIZANTE.—Cuando el denunciado no suscita en la corte municipal ni en la de distrito al celebrarse el juicio de nuevo en grado de apelación, la cuestión de que la denuncia no está debidamente jurada por no aparecer firmada por funcionario alguno, es demasiado tarde para promoverla por primera vez en apelación ante el Tribunal Supremo.

DAÑOS MALICIOSOS—INSUFICIENCIA DE LA PRUEBA—MALICIA—INTENCIÓN CRIMINAL.—Cuando del conjunto de la prueba de cargo, no robustecida por la de defensa, en denuncia por daños maliciosos en que se imputa al denunciado que voluntaria y maliciosamente amarró un becerro de uno de los palos de toronja de la denunciante, el cual destruyó, resulta que si el becerro causó daños en la propiedad no fueron producidos por un acto malicioso del denunciado, ni tampoco que sean consecuencia de un acto intencional suyo por no haberse asegurado que él echara el becerro en la finca en situación de producir daños, ni que lo amarrara al árbol de toronjas, ella es insuficiente para sostener una condena.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Ramón S. Pesquera.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El primer motivo en que se apoya el apelante José Marrero para pedir la revocación de la sentencia que lo condenó es que la corte inferior no tuvo jurisdicción para juzgarlo

porque la denuncia que se presentó en la Corte Municipal de Bayamón contra él no está debidamente jurada, porque si bien dice "jurada ante mí hoy 24 de julio de 1916," no aparece firmada por el Juez de Paz ni por funcionario alguno, aunque se leen al final las palabras "Juez de Paz del Dorado." El apelante no suscitó esta cuestión en la Corte Municipal de Bayamón ni en la Corte de Distrito de San Juan al celebrarse el juicio de nuevo en grado de apelación y es demasiado tarde para promoverla ahora por primera vez. *El Pueblo* v. *Noble,* 9 D. P. R. 388; *El Pueblo* v. *Rivera,* 19 D. P. R. 1144; *El Pueblo* v. *Carrasquillo,* 22 D. P. R. 137 y *El Pueblo* v. *París,* (pág. 111).

Terminada la prueba por el Fiscal en la corte inferior solicitó el denunciado que se le absolviera por ser insuficiente para condenarle (*non suit*) siendo rechazada su pretensión, y aunque presentó prueba en su defensa nada resulta de ella que robustezca la del Fiscal, por lo que hemos de considerar si aquélla es suficiente para sostener la condena del apelante. El Fiscal de esta Corte Suprema nos ha pedido que revoquemos la sentencia por falta de prueba y opinamos que tiene razón.

La denuncia por daños maliciosos, imputó al apelante que voluntaria y maliciosamente amarró un becerro de uno de los palos de toronja de la denunciante, el cual destruyó.

De la declaración de la denunciante aparece que no sabe quién amarró el becerro, propiedad del denunciado; que el toro, que tendría un año, estaba vagando por su finca, rompió la corteza del arbol y no vió que ninguna persona lo amarrara o lo echara en la finca.

Luis Rivera, empleado de la denunciante, encontró el novillo atado debajo de un árbol; que el daño que hizo fué en el pasto; que la denunciante mandó al testigo a donde el denunciado José Marrero para decirle que le mandara un dólar o enviaba el becerro al depósito; que el animal era pequeño, que mamaba y que no vió que el acusado amarrara o echara el animal en la finca.

Otro testigo del Fiscal, nombrado W. A. Hutton, nada sabe, y el último testigo Valentín Santana, empleado también de la denunciante, declaró que el novillo estaba atado al árbol, "enredado a la vuelta redonda, que no lo había amarrado nadie, sino enredado a la vuelta redonda, que se había enredado nada más" y que no sabe quién lo puso allí.

Del conjunto de esta prueba del Fiscal resulta que si el becerro del demandado causó daños en la propiedad de la denunciante no fueron producidos por un acto malicioso del apelante, pues no se desprende tal cosa de la prueba, ni tampoco serían consecuencia de un acto intencional suyo, pues nadie asegura, que él echara el becerro en tal finca en situación de producir daños, ni que lo amarró al árbol de toronjas, hecho que tampoco resulta que ocurriera en vista de la declaración del último testigo.

La sentencia apelada debe ser revocada y absolverse al acusado.

> *Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.