El Pueblo de Puerto Rico, demandante y apelado *v.* Sergio Vega Santos, acusado y apelante.

No. 5083.—*Sometido:* Junio 1, 1933.—*Resuelto:* Junio 8, 1933.

*A. Fiol Negrón,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Sergio Vega Santos fué convicto en dos ocasiones, primero, en una corte municipal, y luego, después de un juicio *de novo,* en una corte de distrito. Sostiene que ambas cortes carecían de juridicción debido a que el juramento contenía un defecto. La denuncia fué jurada por un policía, mas el nombre del magistrado no aparecía en el *jurat* ni éste aparecía estar suscrito con firma entera. El *jurat* estaba suscrito L. A. Una objeción a tal defecto subsanable es suscitada demasiado tarde al presentarse por primera vez en apelación. *Pueblo* v. *Marrero,* 25 D.P.R. 584.

El apelante también sostiene que la denuncia no expone hechos constitutivos de delito. Imputa una violación del artículo 95 de la Ley de Servicio Público, cometida en la siguiente forma:

".... el acusado, Sergio Vegas Santos, siendo la persona que guiaba el automóvil No. P-2151, ilegal, voluntaria y maliciosamente lo tenía traficando, transportando en dicho automóvil pasajeros mediante paga, entre la ciudad de Ponce y su Playa, por la Ave. Hostos sin haber solicitado y obtenido de la Comisión de Servicio

Público de P. R. un certificado que le autorice expresamente a transportar pasajeros entre la ciudad de Ponce y su Playa, por la Ave. Hostos. El automóvil arriba mencionado lo dedicaba al transporte de pasajeros mediante paga por la ruta antes indicada, objeto de esta denuncia y es un vehículo de motor, con capacidad autorizada no mayor de siete pasajeros, y al prestar dicho servicio violó la orden expresa del reglamento de la Comisión de Servicio Público de P. R., aprobada el 18 de abril de 1929 por dicha Comisión, mediante cuya orden la Comisión suspendió definitivamente a todo vehículo de motor con capacidad autorizada no mayor de siete pasajeros por dicha Ave. Hostos, sin que se le hubiese autorizado por la Comisión de Servicio Público el tráfico de dicho vehículo, de cuya orden el acusado ha sido personalmente notificado antes de la violación por la cual se le denuncia.''

La orden aludida lee en parte como sigue:

''Vista la notificación hecha por los tenedores de los certificados de necesidad y conveniencia, a virtud de los cuales se ha venido explotando un servicio de ómnibus entre Ponce y su Playa y el Muelle Municipal, haciendo saber a esta Comisión que se habían visto obligados a suspender dicho servicio a causa de la imposibilidad de sostener por más tiempo la competencia ruinosa que le han venido haciendo los automóviles de servicio público que trafican por esa misma ruta; vistas las declaraciones hechas por las partes que comparecieron ante esta Comisión en el día de hoy, a la vista pública celebrada acerca de este asunto.

''Considerando que la situación surgida en Ponce exige una solución eficaz e inmediata; considerando que de suspenderse definitivamente el servicio de las guaguas de los peticionarios en este caso, los intereses de la comunidad y del público en Ponce no quedarían debidamente protegidos ni servidos por los automóviles de servicio público que han venido explotando el mismo servicio por la ruta de los peticionarios; considerando que la práctica ha demostrado que las providencias tomadas por esta Comisión para reglamentar el servicio de dichos automóviles de servicio público han resultado ineficaces e insuficientes para mejor garantizar los intereses del público; y considerando qué el caso de Ponce es el que contempla la reserva establecida en el Artículo 2 del Reglamento para Vehículos de Motor con capacidad autorizada no mayor de siete pasajeros, aprobado el 20 de junio de 1928, a tenor de dichas

disposiciones la Comisión de Servicio Público de Puerto Rico

"ORDENA:

"1. Suspender, como por la presente suspende, definitivamente, el tráfico de todo vehículo de motor sujeto a las disposiciones del antedicho reglamento, en la ruta servida ·por los peticionarios en este caso, a saber: Desde la calle Puerto Viejo, siguiendo por la calle Comercio, Avenida Hostos, calle Salud, calle Cristina, calle Mayor, calle Estrella, calle Victoria, calle Unión, Plaza Muñoz Rivera, calle Marina y Avenida Hostos.

"2. Que para poder reanudar .el servicio que hasta el presente hayan venido prestando en esa ruta los automóviles objeto de la presente orden, será necesaro que soliciten y obtengan de esta Comisión un certificado de necesidad y conveniencia, con arreglo a los trámites reglamentarios, y el cual los autorice expresamente a explotar el servicio indicado."

De conformidad con la fraseología del artículo 95 de la Ley de Servicio Público, según fué enmendada en 1927 (Leyes de ese año, pág. 407):

"Si cualquier persona o compañía de servicio público infringiere cualquiera de las disposciones de esta Ley . . . . . o dejare, omitiere, desatendiere o se negare a obedecer, observar y cumplir cualquier disposición, requisito, determinación u orden final que hubiere dictado la comisión; . . . dicha compañia de servicio público, incurrirá, convicta que fuere, por una corte de jurisdicción competente, en multa no menor de cincuenta (50) dólares ni mayor de mil (1,000) dólares por dicha infracción, omisión, falta, desatención o negativa."

█ Toda persona natural que se dedique al negocio de transportar pasajeros o carga por cualquier ruta terrestre en Puerto Rico, es una compañía de servicio público, según se define esa frase por la sección 2 de la Ley de Servicio Público. Leyes de 1917, Vol. II, p. 433.

Tanto la ley como la denuncia en el presente caso pueden estar sujetas a críticas, mas la ley no es nula por incertidumbre, según sostiene el apelante, y los hechos alegados en la denuncia constituyen un delito.

*La sentencia apelada debe ser confirmada.*