EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANGEL GUILLERMO RODRÍGUEZ, acusado y apelante.

Núm. 6076.—*Sometido:* Mayo 20, 1936. *Resuelto:* Junio 4, 1936.

*Eduardo Flores Colón,* abogado del apelante; *R. A. Gómez, Fiscal, y Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se imputó al apelante lo que sigue:

"Que el 31 de marzo h-2: 00 P. M. de 1935 y en la calle Muñoz Rivera de Río Piedras, P. R. del Distrito Judicial Municipal de Río Piedras, P. R. que forma parte del Distrito Judicial de San Juan, P. R., el referido acusado, Angel Guillermo Rodríguez, allí y entonces de una manera ilegal, voluntaria y maliciosamente, actuaba como compañía de Servicio Público, transportando pasajeros en el automóvil No. P-2237 de su propiedad en la ruta entre Río Piedras y San Juan, mediante paga de diez centavos cada pasajero, sin tener un certificado de Necesidad y Conveniencia u otra autorización válida alguna expedida por la Comisión de Servicio Público de Puerto Rico para servir dicha ruta, no obstante estar aquélla servida exclusivamente por la Compañía de Servicio Público White Star Bus Line, Inc., que es la única que está autorizada a prestar dicho servicio, mediante franquicia concedida por la Comisión de Servicio Público

de Puerto Rico el día 9 de abril de 1927 y aprobada por el Hon. Gobernador de Puerto Rico el día 12 de abril del mismo año; infringiendo de este modo la Orden Final de la Comisión de Servicio Público de Puerto Rico de fecha 15 de octubre de 1932, la que fué publicada por medio de edictos en los periódicos 'La Correspondencia de Puerto Rico' en octubre 18 de 1932 y en 'La Democracia' en octubre 19 de 1932 y enmendada de acuerdo con la Orden Final de la Comisión de Servicio Público de Puerto Rico de marzo 16 de 1935, y el Artículo 95 de la Ley de Servicio Público de Puerto Rico según quedó enmendado por la Ley núm. 2 de mayo 7 de 1927 (pág. 399).''

Llamada la causa para juicio, se le leyó la acusación y el acusado alegó que era inocente. Practicó su prueba El Pueblo y la suya la defensa. La corte declaró culpable al acusado y le impuso cincuenta dólares de multa. Apeló y en su alegato sostiene que la orden final de la Comisión no se refiere a personas jurídicas o naturales sino a vehículos, que dicha orden sólo prohibe que se establezcan servicios de pasajeros entre San Juan y Río Piedras y que no se probó que el acusado se dedicara a dicho servicio sin tener un permiso de la Comisión.

La Orden de la Comisión de Servicio Público cuya violación se imputa al acusado en su parte dispositiva, dice:

''Se ordena además y por la presente queda prohibido el que ningún vehículo de motor que no haya sido previamente autorizado por la Comisión, actúe, sirva, funcione u opere como porteador público en el transporte de pasajeros por asiento, brindando, ofreciendo, prestando o rindiendo su servicio al público en general mediante paga y por asiento entre puntos incluídos dentro de las rutas servidas por la White Star Bus Line, Inc.

''El hecho de que un vehículo de motor transporte a uno o más pasajeros de un sitio a otro dentro de las rutas servidas por la White Star Line, Inc. mediante paga por asiento, constituirá prueba prima facie de una violación de las disposiciones de esta orden.''

La primera contención del apelante carece de sólida base. Al referirse la Comisión a ''vehículo de motor'', tuvo en mente un vehículo en ejercicio, que no se concibe sin el chauffeur que lo guíe. Aunque los progresos alcanzados por la

ciencia son en verdad maravillosos, no han llegado aún a prescindir de la razón y la experiencia que son sus propias fuentes para poner en acción las máquinas que ha creado.

Si alguna duda pudiera surgir, desaparece al relacionar la orden de la Comisión cuya infracción se imputa al acusado con la sección 95 de la Ley de Servicio Público de Puerto Rico tal como quedó enmendada por la Ley núm. 2 de 1927, leyes de 1927, p. 407, que prescribe:

"Si cualquier persona o compañía de servicio público infringiere cualquiera de las disposiciones de esta Ley, o realizare cualquier acto que por la presente se prohibe; o dejare, omitiere, desatendiere o se negare a desempeñar cualquier deber a que está obligada por esta Ley; o dejare, omitiere, desatendiere o se negare a obedecer, observar y cumplir cualquier disposición, requisito, determinación u orden final que hubiere dictado la comisión; o si dejare de cumplir cualquier sentencia pronunciada u orden o decreto expedido por cualquier corte, dicha compañía de servicio público, incurrirá, convicta que fuere, por una corte de jurisdicción competente, en multa no. menor de cincuenta (50) dólares ni mayor de mil (1,000) dólares por dicha infracción, omisión, falta, desatención o negativa.

"Las cortes municipales tendrán jurisdicción concurrente para conocer de estos casos."

Véase además el caso de *El Pueblo* v. *Vega,* 45 D.P.R. 223.

La Orden de la Comisión no es susceptible de ser interpretada como prohibiendo solamente que se establezcan servicios especiales de pasajeros en la ruta de la White Star Bus Line, como pretende el apelante. Comprende dichos servicios especiales y además aquellos que pudieran prestarse por otras líneas de fuera que actúen en la ruta. A menos que haya sido previamente autorizado por la Comisión para ello, ningún vehículo de motor fuera de los de la White Star Bus Line puede dedicarse al negocio de transportar pasajeros mediante paga por asiento bien se circunscriba únicamente a la ruta Río Piedras–San Juan, ya penetre en ella en el curso regular de sus viajes desde otros pueblos de la Isla a San Juan. Es claro que las líneas de la Isla pueden realizar su negocio de acuerdo con sus autorizaciones hasta San Juan,

pero una vez que entran en la ruta Río Piedras–San Juan o viceversa ya no pueden tomar pasajeros dentro de dicha ruta, para el servicio exclusivo de la misma.

Parece conveniente agregar que la orden de la Comisión fué el resultado de una amplia investigación y tiende tanto a garantizar la franquicia concedida a la White Star Bus Line como los intereses y la seguridad del público en general.

■■ Hemos examinado la evidencia y a nuestro juicio es bastante para concluir que el acusado guiando el vehículo de motor de que se trata dedicado al transporte de pasajeros de Fajardo a San Juan, en Río Piedras invitó a montar a precio de guagua para San Juan viéndosele aceptar un pasajero. No creemos que fuera absolutamente necesario presentar como prueba de cargo la certificación negativa de la autorización de la Comisión. Como cuestión de defensa, si es que en realidad estaba autorizado para ello, pudo y debió presentar la certificación afirmativa el acusado.

*Debe confirmarse la sentencia recurrida.*

El Juez Asociado Señor Córdova Dávila no intervino.